NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JONATHAN BARBEY, an individual; ARIEL BARBEY, an individual, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> STATE FARM GENERAL INSURANCE COMPANY, <br><br> Defendant - Appellee, <br><br> and <br><br> DOES, <br><br> Defendant. | No. 24-5424 <br><br> D.C. No. 2:23-cv-08924-MWF-SSC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted November 17, 2025
Pasadena, California

Before: WARDLAW, BERZON, and MILLER, Circuit Judges.

Jonathan and Ariel Barbey ("the Barbeys") appeal the district court's grant

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

of summary judgement in favor of State Farm. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's grant of summary judgement de novo. *Lowry v. City of San Diego*, 858 F.3d 1248, 1254 (9th Cir. 2017) (en banc). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We must "view the evidence in the light most favorable to the nonmoving party" to determine whether there is any genuine issue of material fact and whether the district court properly applied the relevant substantive law. *Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022) (citation omitted). Federal courts exercising diversity jurisdiction apply state law when interpreting an insurance policy. *Stanford Univ. Hosp. v. Fed. Ins. Co.*, 174 F.3d 1077, 1083 (9th Cir. 1999).

1.     The district court correctly held that State Farm's reconsideration of the Barbeys' homeowner's insurance claim for losses allegedly caused by a water leak on February 13, 2022, following its formal denial of the claim on March 31, 2022, did not equitably toll the one-year contractual limitations period.[1] The one-

---

[1] For the same reasons, the district court also correctly held that the Barbeys' homeowner's insurance claim based on the events of December 21, 2022, was not equitably tolled beyond State Farm's formal denial of the claim on January 7, 2022.

year limitations period in a homeowner's insurance policy is "equitably tolled from the time the insured files a timely notice [of his claim], pursuant to policy notice provisions, to the time the insurer formally denies the claim in writing." *Prudential-LMI Com. Ins. v. Super. Ct.*, 51 Cal. 3d. 674, 678 (1990). However, "once an unequivocal denial has been made, the insured's later requests for reconsideration . . . do not extend the period of equitable tolling." *Singh v. Allstate Ins. Co.*, 63 Cal. App. 4th 135, 148 (1998). "A statement of willingness to reconsider does not render a denial equivocal." *Migliore v. Mid-Century Ins. Co.*, 97 Cal. App. 4th 592, 605 (2002) (citing *Singh*, 63 Cal. App. 4th at 147–48).

Here, State Farm's reconsideration of the Barbeys' claim did not extend the period of equitable tolling. Following State Farm's unequivocal denial of the Barbeys' claim on March 31, 2022, the Barbeys submitted additional information for State Farm to consider, and State Farm reinvestigated the Barbeys' property at the request of the Barbeys' attorney. However, State Farm reiterated its denial to the Barbeys and never told the Barbeys that it was retracting its denial or reopening their claim. *See Singh*, 63 Cal. App. 4th at 142 ("The justifications for equitable tolling are absent, once the carrier has initially denied the claim."). Moreover, while the Barbeys' claims appeared "open" at times in State Farm's internal servers, the district court correctly concluded that the "status of a claim in [State Farm's internal] claim files [does not] negate[] a formal denial letter."

2.    *Ashou v. Liberty Mutual Fire Insurance Co.*, 138 Cal. App. 4th 748 (2006), is not to the contrary. *Ashou* considered equitable tolling in the context of California Code of Civil Procedure § 340.9, which the California legislature enacted in 2000 to revive, for one year, time-barred claims related to the 1994 Northridge earthquake, due to the "rampant mishandling" of these claims by insurers. *Id.* at 754, 761. *Ashou* held that "[i]f an insurer, in light of that change in the law, acquiesced in an insured's request to reconsider the claim," equitable tolling applied to the reconsideration period because the "reconsideration process should be allowed to continue its course without being prematurely halted by a lawsuit." *Id.* at 764. This case, in contrast, is governed by *Singh*, where equitable tolling did not apply to the reconsideration period because there was no "change in the law" and "little . . . changed between the insurer's initial denial of the claim and the insured's request for reconsideration." *Id.*[2]

3.    The Barbeys forfeited any argument that State Farm is equitably estopped from invoking the one-year contractual limitations period. As *Singh* explained, "the policies underlying equitable *tolling* cease to exist once the carrier has received notice, investigated the claim, and denied coverage," and "if the carrier's conduct after denying coverage . . . induces the policyholder to forbear

---

[2] Because *Ashou* does not control this case, we need not address the question of whether *Ashou*'s principles extend beyond the context of section 340.9 and, if so, how far they extend.

from filing suit, the doctrine[] of . . . *estoppel* will avoid injustice on that score." 63 Cal. App. 4th at 145 (emphasis added). However, the Barbeys did not raise equitable estoppel before the district court or in their Opening Brief, and their counsel expressly disclaimed reliance on equitable estoppel at oral argument in this court. *See Hilao v. Est. of Marcos*, 393 F.3d 987, 993 (9th Cir. 2004) ("A party . . . is bound by concessions made . . . at oral argument.").

**AFFIRMED.**